IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENCIA CAPLE, Individually and as Parent and Natural Guardian of J.M.V., a Minor,<br>　　　Plaintiff<br><br>　　v.<br><br>SEARS DEPARTMENT STORES,<br>　　　Defendant | No. 3:15cv1666<br><br>(Judge Munley) |

## **MEMORANDUM**

Plaintiff Valencia Caple claims that she has suffered from emotional distress after witnessing her minor son's facial laceration at defendant's store. Plaintiff asserts defendant's negligence caused both her son's injury and her own emotional harm. In the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant argues plaintiff has failed to plead a cause of action for negligent infliction of emotional distress upon which relief can be granted. Because plaintiff has sufficiently pled emotional distress beyond the transitory symptoms courts have found to be noncompensable, we will deny defendant's motion to dismiss.

**Background**

On April 9, 2013, Plaintiff Valencia Caple and her minor son, J.M.V.[1]

---

[1] Pursuant to Local Rule 5.2(d)(2), we will refer to J.M.V. only by his initials because he is a minor. The parties are reminded to comply with the Local Rules in all filings with the court. J.M.V.'s name should not appear in any filed document.

shopped for clothing at defendant's store located in Scranton, Pennsylvania. (Doc. 1-2, Compl. ¶¶ 2-3). Plaintiff alleges that J.M.V., who was three years old at the time, suffered an injury to his face when he struck a hidden, sharp edge of a wooden display table with metal corners. (Id. ¶¶ 4-5). According to plaintiff, large, puffy dresses, hanging on a rack adjacent to the table, concealed the sharp edge from J.M.V.'s view. (Id.)

Plaintiff filed a two-count complaint in the Court of Common Pleas of Lackawanna County on July 30, 2015. In Count I of the complaint, plaintiff claims that, as a result of defendant's negligence, J.M.V. suffered a facial puncture wound requiring stitches and that will necessitate future cosmetic surgery, and which caused a speech impediment, affecting his learning abilities. (Id. ¶ 10). Plaintiff further claims that due to scarring from the accident, J.M.V. can no longer pursue his career as a children's clothing model, which he enjoyed. (Id.)

Count II alleges negligent infliction of emotional distress upon Plaintiff Caple. Plaintiff Caple claims that she suffered ongoing emotional trauma, leading to anxiety and stress, when she contemporaneously witnessed the severe and bloody injury to her son. (Id. ¶¶ 20-23).

Defendant removed the case to the Middle District of Pennsylvania on August 27, 2015 (Doc. 1), and filed the instant motion on September 3, 2015 (Doc. 3). The parties have briefed the issues and the matter is ripe for our disposition.

2

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiffs Valencia Caple and J.M.V. are citizens of Pennsylvania. (Compl. ¶ 1).  Defendant Sears is a New York corporation with a principal place of business in Illinois.  (Doc. 1, Pet. for Removal ¶ 1).  Additionally, the amount in controversy exceeds $75,000.  Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over the case.  See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").  As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendant filed its motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may

be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

    Defendant's motion to dismiss only challenges Count II–plaintiff's claim for negligent infliction of emotional distress.  Defendant argues that plaintiff cannot recover for negligent infliction of emotional distress because she has not alleged physical injuries resulting from witnessing her son's injury.  "To state a cause of action for negligent infliction of emotional

distress the plaintiff must demonstrate that she is a foreseeable plaintiff and that she suffered a physical injury as a result of defendant's negligence." <u>Armstrong v. Paoli Memorial Hospital</u>, 633 A.2d 605, 609 (Pa. Super. Ct. 1993) (citing RESTATEMENT (SECOND) OF TORTS §§ 313, 436A). The physical effects alleged by the plaintiff must be more than "[t]emporary fright, nervous shock, nausea, grief, rage, and humiliation if [they are] transitory." <u>Id.</u> At the same time, "long continued nausea or headaches, repeated hysterical attacks or mental aberration are compensable injuries." <u>Id.</u> Courts have found that "depression, nightmares, nervousness, insomnia and hysteria are physical symptoms warranting recovery." <u>Id.</u>

Here, plaintiff has alleged that she suffered severe emotional distress as a result of witnessing J.M.V.'s bloody injury, which in turn was caused by defendant's negligence. (Compl. ¶ 23). The court takes this allegation to be that the emotional distress plaintiff suffered from defendants' conduct was sharp and debilitating and continued over a long period of time. At this preliminary stage of the litigation, plaintiff's allegations are enough to survive a motion to dismiss. Of course, defendants could again raise this issue at the summary judgment stage, when the nature and duration of plaintiff's emotional injuries will presumably be more fully defined. For now, however, the court will deny the defendant's motion.

**Conclusion**

For the reasons set forth above, defendant's motion to dismiss will be denied.  An appropriate order follows.


**DATE:4/15/2016**              **s/ James M. Munley**
                                **JUDGE JAMES M. MUNLEY**
                                **United States District Court**